Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA 2022 JAN 24 A 11: 10

William Matthew Wade
_____
*Plaintiff,*
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.
Neil Graff- Chief Officer
Debra Larrison- Director
Angela Cannon- Assistant Director
Jarrod Jones- Assistant Director
Tonia Stephens- H.R. Director
Lynsey Coston-Haynie- District Supervisor
Alicia Greene- District Supervisor
Carrie Harkins- District Supervisor
Paul Cook- Manager III
Shante Spencer – Sales Associate
_____
*Defendant(s),*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

Case No.: 2:22-CV-92-RDP
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

**A.    The Plaintiff**

| | |
|---|---|
| Name | William M. Wade |
| Street Address | 1113 Sunset Blvd |
| City and County | Birmingham Jefferson |
| State and Zip Code | Alabama 35213 |
| Telephone Number | 256 458-2379 |
| E-mail Address *(if known)* | william.wade0714@outlook.com |

☐    Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.

01/21/2022
_____
**Date**

*William M. Wade*
_____
**Participant Signature**

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## II.    Basis for Jurisdiction

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Neil Graff |
| Job or Title *(if known)* | Chief Officer ABC Board |
| Street Address | 2715 Gunter Park Dr |
| City and County | Montgomery, Montgomery |
| State and Zip Code | Alabama 36109 |
| Telephone Number | 334 271-3840 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Tonia Stephens |
| Job or Title *(if known)* | ABC Board H.R. Director |
| Street Address | 2715 Gunter Park Dr |
| City and County | Montgomery, Montgomery |
| State and Zip Code | Alabama 36109 |
| Telephone Number | (334) 260-5416 |
| E-mail Address *(if known)* | tonia.Stephens@abc.alabama.gov |

Defendant No. 3

| | |
|---|---|
| Name | Jarrod Jones |
| Job or Title *(if known)* | ABC Board Assistant Director |
| Street Address | 5100 East Lake Blvd |
| City and County | Birmingham Jefferson |
| State and Zip Code | Alabama 35217 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Defendant No. 4

| | |
|---|---|
| Name | Lynsey Coston-Haynie |
| Job or Title *(if known)* | ABC Board District #3 Supervisor |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

| | |
|---|---|
| Name | Alabama Alcoholic Beverage Control Board |
| Street Address | 2715 Gunter Park Dr |
| City and County | Montgomery, Montgomery |
| State and Zip Code | Alabama 36109 |
| Telephone Number | 334 334 271-3840 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to
2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to
634.

*(Note:    In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

Defendants continued:

Defendant No. 5

| | |
|---|---|
| Name | Debra Larrison |
| Job Title | ABC Board Stores Director |
| Street Address | 2715 Gunter Park Dr |
| City County | Montgomery, Montgomery |
| State and Zip | Alabama 36109 |
| Telephone Number | 334 260-5416 |
| Email Address | |

Defendant No. 6

| | |
|---|---|
| Name | Angela Cannon |
| Job Title | ABC Board Assistant Director |
| Street Address | |
| City County | |
| State and Zip | |
| Telephone Number | |
| Email Address | |

Defendant No. 7

| | |
|---|---|
| Name | Alicia Greene |
| Job Title | ABC Board District Supervisor |
| Street Address | 5100 East Lake Blvd |
| City County | Birmingham, Jefferson |
| State and Zip | Alabama 35217 |
| Telephone Number | |
| Email Address | |

Defendant No. 8

| | |
|---|---|
| Name | Carrie Harkins |
| Job Title | ABC Board District #2 Supervisor |
| Street Address | 5100 East Lake Blvd |
| City County | Birmingham Jefferson |
| State and Zip | Alabama 35217 |
| Telephone Number | |
| Email Address | |

Defendant No. 9

| | |
|---|---|
| Name | Paul Cook |
| Job Title | ABC Board Store Manager III |
| Street Address | 5100 East Lake Blvd |
| City County | Birmingham Jefferson |
| State and Zip | Alabama 35217 |
| Telephone Number | |
| Email Address | |

Defendant No. 10

| | |
|---|---|
| Name | Shante Spencer |
| Job Title | ABC Sales Associate |
| Street Address | 5100 East Lake Blvd |
| City County | Birmingham Jefferson |
| State and Zip | Alabama 35217 |
| Telephone Number | |
| Email Address | |

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:

Relevant state law *(specify, if known)*:

Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which 1 complain in this action includes *(check all that apply)*:

    ☐    Failure to hire me

    ☒    Termination of my employment

    ☐    Failure to promote me

    ☐    Failure to accommodate my disability

    ☐    Unequal terms and conditions of my employment

    ☒    Retaliation

    ☒    Other acts *(specify)*: Age, gender

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

I am a 61-year-old former male manager for The State of Alabama ABC Board. I was a
tenured career employee for The State of Alabama ABC Board for twenty-three years,
thirteen as a manager. I am writing to complain of discrimination, retaliation, and
targeting because of my age, gender, and filing complaints with The Ethics Board and
The ABC Human Resources.

I was an excellent employee during the entire period of working for The State of
Alabama ABC Board. I followed the Policy and Procedure manual to the best of my
ability. I was punctual, reliable, ethical, efficient, and fair. I treated all management and
subordinates with respect.

I was fired according to the position statement from The State of Alabama ABC Board
for theft and insubordination. Once I was fired and the money was deposited or Regions
credited the deposit. I do not know. The State of Alabama ABC Board nor Regions Bank
has contacted me about the recovery of the money. I was blocked from receiving my
unemployment because of misconduct, but the money was always there and I am still
blocked.

The State of Alabama ABC Board said I was insubordinate. The State of Alabama ABC
Board claimed Covid shortage when they shut down stores and had excess employees in
most stores including Store #39 Trussville where I was located from the overflow of the

1

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

closed stores. There was no shortage in the retail stores. This is documented by The

State of Alabama ABC Board.

I was injured on the job June 26, 2019 at Store #236 Tarrant. I was put on light duty and

continued to work while my injury was being evaluated. The State of Alabama ABC

Board I was out on workers compensation for three months starting on August 22, 2019.

Sales Associate Shante Spencer, a new hire transfer from Moody barely off probation

had been assisting Manager III Paul Cook during my absence. Manager III Paul Cook was

leaving a sales associate in charge every day when he left at noon. I told District

Supervisor Haynie, Sales Associate Shante Spencer did not have the training or the

knowledge of Policy and Procedure to be in this position. We had at least four or five

other employees with more experience and better qualified for this position.

Sales Associate Shante Spencer let a customer walk out of the store owing $2000.00 on

Friday August 16, 2019. She would not admit to accountability. I had to tell her, she

would have to call the customer who underpaid and tell them to pay or she would have

to pay it. The customer paid three business days later on Wednesday August 22, 2019.

When I returned to light duty work on workers compensation November 19, 2019, Sales

Associate Shante Spencer did not want to return to her sales associate duties.

She complained about not being allowed to take money out of the store to the bank for

her private mileage. I explained that was the manager's job. The manager is responsible

for the deposits.

2

## Charge of Wrongful Termination of William Matthew Wade against
## The State of Alabama ABC Board

I went to Manager III Paul Cook and District Supervisor Haynie with the insubordinate behavior of Sales Associate Shante Spencer. Neither did anything to correct her.

Sales Associate Shante Spencer became angry, insubordinate, and defiant toward me for the next nine months. Sales Associate Shante Spencer started taking tens thousands of dollars out of the store safe unverified to the bank without authorization. I documented over nine months of her infractions. Sales Associate Shante Spencer started walking off the job and got another sales associate to do the same. They both told me if they could not go to the bank and get the travel money. They were not going to do anything else. When I asked Ms. Spencer to show another sales associate how to do something, she said I could do it myself. Board Supervisors Cannon, Haynie and Green heard and knew they were being insubordinate. Neither of the Supervisors stopped their behavior. Both sales associates were new hires and personal friends of the Supervisors. Both were in their thirties and female.

I reported, the younger females under forty, for the insubordination. All the documentation I had written and compiled were submitted to my District Supervisor Haynie. She repeatedly replied she had handled it. Their attitude never changed. I finally asked District Supervisor Haynie after nine months, to show me something Sales Associate Shante Spencer had signed. District Supervisor Haynie said; "she did not have anything."

3

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

District Supervisor Haynie asked me to start over fresh with Sales Associate Shante

Spencer. I said no, it has been too long. Shante Spencer has been rude and disrespectful

to customers, employees and myself. She walked off the job in front of Manager III Paul

Cook while I was standing there.

A meeting was scheduled in Montgomery to address the insubordination on Sales

Associate Shante Spencer. I have an audio recording of the meeting August 27, 2020

where Chief Officer Neal Graff, Director Larrison, Assistant Director Cannon, District

Supervisor Haynie, and Sales Associate Shante Spencer lied to cover up Sales Associate

Shante Spencer's insubordination to me. HR Director Tonia Stephens was in attendance.

I documented and submitted reports to District Supervisor Haynie, Director Larrison,

Personnel and the H.R. Director Tonia Stephens. In the meeting Chief Officer Neal Graff

read my documentation to Sales Associate Shante Spencer and asked her if this was

correct. She replied; no sir. I said out loud; I would be deposed for these documents.

These can be provided if needed along with the audio recording.

To add to my experience of age discrimination, I would like to report that my immediate

supervisor, District Supervisor Haynie, often referred to me in a derogatory manner,

saying I am "old school". She did this quite regularly and it affected the way I feel about

myself, even though I did not normally reply.

I was given a "warning" by Manager III Paul Cook September 14, 2021, for a refund

transaction that occurred on August 21, 2020. This was specifically prepared by Director

4

## **Charge of Wrongful Termination of William Matthew Wade against The State of Alabama ABC Board**

Larrison according to Manager III Paul Cook. I was previously asked if I would accept a 'counseling' for this transaction by District Supervisor Haynie and Manager III Cook from Director Larrison on August 28, 2020, one day after the cover up meeting in Montgomery. I have a copy of the 'counseling' that was never given to me I can provide. I replied I did not think I had done anything wrong. A week went by and I went on a short vacation. When I returned on September 14, 2021 Manager III Cook said he would need for me to sign "the counseling" that was discussed before I left. He presented to me a 'warning' instead. I said; "this is not a "counseling." He said; "I know. Director Larrison changed it to a 'warning.' The language is far more egregious. Manager III Cook said; "Director Larrison wrote it." I signed the warning.

I asked Manager III Cook, "what did Sales Associate Shante Spencer get for her refund infraction that left my register drawer short $257.92 on July 31, 2020?" When I approached you before leaving that day, you called Sales Associate Shante Spencer on her cell phone and asked if she did a refund on my register? She said yes, she used a calculator. She did not know how to do this type of transaction and did not seek out anyone for help. Manager III Cook and I were both here and available. Manager III Cook adjusted what he could for Sales Associate Shante Spencer that day, leaving product gone and my register drawer still short. She received no corrective action.

## Charge of Wrongful Termination of William Matthew Wade against
## The State of Alabama ABC Board

I had one refund transaction and did not leave the store short money or product. I

called the customer and explained we had their refund money and they could come pick

it up, or I could bring it to them. I have documentation that can be provided.

I am not the only employee who experienced age discrimination who has worked for

The ABC Board. There are at least two other employees I know about who work here

that were discriminated against because of their age and gender by The State of

Alabama ABC Board.

I was transferred without any paper work from #236 Warehouse Tarrant to Pinson #230

on November 16, 2020 while on vacation. On November 5, 2020, a couple of days

before I went on vacation. Sales Associate Shante Spencer broke another Policy and

Procedure rule and went into another sales associates cash drawer and had overdrawn

it. I reported this infraction to Manager III Paul Cook, who responded; "I don't give a

f*ck"

I was moved to the Pinson Store #230 because Sales Associate Shante Spencer, a

younger female with less experience, could have my job duties and mileage I received as

a manager.

The Sales Associate at the Pinson Store #230 where I was relocated, a sixty-year-old

male, Albert Duncan was told he would be promoted to manager two months earlier. He

is on the active managers list and District Supervisor Haynie told him it would be his

6

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

store. He is a male, sixty years old, with fourteen years employment of The State of
Alabama ABC Board.

I have another audio recording of Assistant Director Cannon at the Pinson store #230
November 19, 2020, lying to me to cover up why I was transferred to Pinson that can be
provided as well. She said; "it was not retaliation, there were no candidates on the
managers list for this store."

I was given permission on November 19, 2020, by Ms. Cannon, to work the rest of the
month of November out at Tarrant Store #236. I went the next day. Assistant Director
Cannon approached me in the warehouse and started berating and threating me in
front of the entire staff for being there. I said you told me I could work here until the
end of the month. She started yelling at me, that is off the table. "You don't work here
anymore!" I said you lied to me. Al Duncan has been running store #230 Pinson for two
months and is on the managers list. You said no one was. She said "it does not matter" I
responded "it does matter." She said angrily; "you are not working here anymore and
you are going to have to leave." I said; "you lied to me." AL Duncan is on the list and
wants the store." She said; "it is none of your business." I disagreed. She yelled at me.
She told me leave and hand in my keys. Assistant Director Cannon resigned a short time
after this.

After Ms. Cannon resigned, I asked new Assistant Director Jarrod Jones in a phone call
January 5, 2021, if I could have my manager job back at Store #236 Tarrant. He said I

7

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

would have to send in an ABC-4-11-18C transfer request to Chief Officer Mr. Graff,

District Supervisor Ms. Haynie and himself. I sent the request in via email. It only took

Ms. Haynie a few minutes to send in her reply. She said, No no no. I called her to ask

why. Ms. Haynie remarked, she liked me. I was a good manager but with all the

problems we had last summer between Shante and myself, she did not think it was a

good fit. I replied back, Shante broke many Policies and Procedures. It was all covered

up, that was the problem. Ms. Haynie said, Mr. Graff told everybody there were some

teachable moments at the meeting in Montgomery August 27, 2020. I replied back,

Shante lied about what happened. Ms. Haynie said without hesitation, well they're

gonna lie.

New Assistant Director Jarrod Jones said to me in a phone conversation February 2,

2021 in regards to going to work in Moody for one day, February 3, 2021. 'You are not

being targeted." The very same words the former Assistant Director Cannon said to me.

Assistant Director Jarrod Jones said; "There is a problem with two girls working in

Moody." One of them was a temporary sales associate. I was being sent there to see if it

was a management or an employee issue. I said to Assistant Director Jones. "I am not a

mediator." This is the District Supervisors job to settle this. Assistant Director Jones said;

"we can move anybody anywhere we want."

On February 4, 2021, Manager Barry Bevis, at Trussville #39, where I was working on that

day heard the last part of the phone conversation to District Supervisor Harkins, "I am

8

**Charge of Wrongful Termination of William Matthew Wade against
The State of Alabama ABC Board**

not refusing." Ms. Harkins told me she would call me back, but never did. She had just

brought in a new sales associate to Trussville. Manager Barry Bevis received a phone call

later from District Supervisor Harkins she said to leave everyone where they were and

never called me back. He testified at my pretermination hearing I did not refuse; District

Supervisor Harkins was lying to me also. She wanted me to go to Moody to work for a

sales associate. I asked her; "why aren't you sending one of the six sales associates here

on temporary assignment?" "Or the new guy Milton, he is also a sales associate." "I am a

manager." She said; "Milton wanted to transfer to Trussville." I said; "he did not transfer

here." "He has already told me he is on temporary assignment." "He will go back to his

store like all of the other sales associates when the closed stores reopen." This is what

they are saying is insubordinate. Because I questioned why they were trying to put me in

a sales associate's position.

My termination was due to the documentation and reporting of insubordination for

over a year from a younger female subordinate with less experience, Sales Associate

Shante Spencer. I also filed three Ethics Board complaints (1) Complaint against District

Supervisor Alicia Greene August 4, 2020. Ms. Greene opened a "for profit snack store" in

her office at our ABC Store #236 in Tarrant (2) Concerning the insubordination by

Shante Spencer cover up meeting by Chief Officer Neil Graff August 27, 2020. (3)

Complaint against Director Debra Larrison for personally writing me a 'warning' for a

refund and nothing for Ms. Spencer for her refund. Ms. Larrison was retaliating against

9

**Charge of Wrongful Termination of William Matthew Wade against**
**The State of Alabama ABC Board**

me for reporting insubordination and filing complaints for misconduct of her and her

female supervisors. I can provide copies of the complaints and pictures of Ms. Greene's

"office store" if needed.  I was in the process of filing a complaint charge with right to

sue letter from The EEOC when my termination occurred.

I was terminated for theft and insubordination on March 5, 2021. The theft never

occurred; Regions Bank was in possession of the money. The charge for dismissal for

theft and insubordination was dropped to insubordination. The State never notified me

of this. No one has said when Region's Bank credited the store with the deposit

allegedly stolen.


Sincere Regards,

William Wade,

10

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s):
November 19, 2020 - March 5, 2021

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me

☒   is/are not still committing these acts against me

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race _____

☐   color _____

☒   gender/sex _____

☐   religion _____

☐   national origin _____

☒   age *(year of birth)*   1961 _____
*(only when asserting a claim of age discrimination)*

☐   disability or perceived disability *(specify disability)*_____

E.   The facts of my case are as follows. Attach additional pages if needed. _____
See attached.

_____

_____

_____

_____

_____

_____

_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

EEOC Form 161 (11/2020)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **William M. Wade**                          From:  **Birmingham District Office**
    **1113 Sunset Boulevard**                          **Ridge Park Place**
    **Birmingham, AL 35213**                          **1130 22nd Street South**
                                           **Birmingham, AL 35205**

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **WESLEY BERTA,** | |
| **420-2021-02031** | **Investigator** | **(205) 651-7058** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MICHAEL COCHRAN   Digitally signed by MICHAEL COCHRAN
                                    Date: 2021.10.26 15:10:51 -05'00'

Enclosures(s)                          *For* **BRADLEY A. ANDERSON,**                          *(Date Issued)*
                                        **District Director**

cc:  **Robert Hill**
    **General Counsel**
    **ALABAMA ABC BOARD**
    **2715 GUNTER PARK DR W**
    **Montgomery, AL 36109**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record** of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was issued** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## IV.     Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: _____
June 14, 2021

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter

☒     issued a Notice of Right to Sue letter, which I received on *(date)*: _____
October 26, 2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒     60 days or more have elapsed

☐     less than 60 days have elapsed

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

My damages are greater than $75,000. I am asking for lost wages, emotional distress, court costs and punitive damages.

## VI.    Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 01/21/2022

Signature of Plaintiff: _William M. Wade_

Printed Name of Plaintiff: William M. Wade

### B.    For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____