# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MATTHEW WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 2:22-cv-00092-RDP |
| ALABAMA ALCOHOLIC ) | |
| BEVERAGE CONTROL ) | JURY TRIAL DEMANDED |
| BOARD, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA").

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 1332, and § 1343.

3. Venue for this action is proper under 28 U.S.C. § 1391. Defendant employed Plaintiff in the Southern Division of the Northern District of Alabama.

## PARTIES

4. Plaintiff William Matthew Wade ("Mr. Wade") is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

5. Defendants provide medical services and are an employer under the ADA and the ADEA. Defendants' primary place of business is in the Southern Division of the Northern District of Alabama.

## ADMINISTRATIVE REMEDIES

6. Defendant terminated Plaintiff William Matthew Wade on November 16, 2020.

7. Mr. Wade filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 24, 2021. (See, Exhibit A). Plaintiff filed his Charge of Discrimination within 180 days of his termination.

8. The EEOC issued a Dismissal and Notice of Rights to Mr. Wade dated October 26, 2021. (See, Exhibit A). Mr. Wade initiated this action within 90 days of his receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

9. Plaintiff is a 61-year-old former male manager for The State of Alabama ABC Board. Plaintiff was a tenured career employee for The State of Alabama ABC Board for twenty-three years, including thirteen years as a manager.

10. Plaintiff was injured on the job on June 26, 2019, at Store #236 in Tarrant, Alabama. Plaintiff continued to on light-duty.

11. On August 16, 2019, Sales Associate Shante Spencer let a customer walk out of the store owing $2000.00. Plaintiff met with Associate Spencer as her supervisor and told her that she would have to call the customer who underpaid and tell them to pay, or she would have to pay it. She would not admit to accountability.

12. Plaintiff was out on leave workers compensation for three months starting on August 22, 2019.

13. While Plaintiff was on leave, Sales Associate Shante Spencer had been assisting Manager III Paul Cook during Plaintiff's absence. Manager III Paul Cook was leaving a sales associate in charge every day when he left at noon.

14. Plaintiff returned to light duty work on workers compensation November 19, 2019, Sales Associate Shante Spencer did not want to return to her sales associate duties.

15. Plaintiff told District Supervisor Haynie that Sales Associate Shante Spencer did not have the training or the knowledge of Policy and Procedure as she regulated violated them. District Supervisor Haynie replied in a derogatory manner by saying Plaintiff was "old school."

16. Sales Associate Shante Spencer became angry, insubordinate, and defiant toward me for the next nine months.

17. Sales Associate Shante Spencer started taking tens thousands of dollars out of the store safe unverified to the bank without authorization.

18. Sales Associate Shante Spencer started walking off the job and got another sales associate to do the same. They both told Plaintiff they would not perform their job duties if they could not go to the bank and get the travel money.

19. Board Supervisors Cannon, Haynie and Green heard and knew they were being insubordinate. Neither of the Supervisors stopped their behavior. Both sales associates were new hires and personal friends of the Supervisors. Both were in their thirties and female.

20. I reported the younger females under forty, for the insubordination. Plaintiff had written and compiled were submitted to his District Supervisor Haynie. She repeatedly replied she had handled it. Plaintiff finally asked District Supervisor Haynie after nine months, to show me something Sales Associate Shante Spencer had signed. District Supervisor Haynie said "she did not have anything."

21. On August 27, 2020, Plaintiff attended a meeting in Montgomery where Chief Officer Neal Graff, Director Larrison, Assistant Director Cannon, District Supervisor Haynie, and Sales Associate Shante Spencer met to address Sales Associate Shante Spencer's insubordination. Defendant implemented no corrective action.

22. Plaintiff was given a "warning" by Manager Paul Cook on September 14, 2020, for a refund transaction that occurred on August 21, 2020. The refund transaction did not violate any policies and procedures.

23. On November 5, 2020, Sales Associate Shante Spencer broke another Policy and Procedure rule and went into another sales associates cash drawer and had overdrawn it. Plaintiff reported this infraction to Manager Paul Cook, who responded, "I don't give a f*ck."

24. On November 17, 2020, Plaintiff was informed that he had been transferred to the Pinson Store #230 to work in a Sales Associate position.

25. Defendant terminated Plaintiff for alleged theft and insubordination on March 5, 2021. Defendant acknowledged in their position statement to the EEOC that the money Plaintiff allegedly had stolen was recovered from the bank.

## COUNT ONE
## AGE DISCRIMINATION CLAIM

26. At the time of his termination, Mr. Wade was 60 years old.

27. Defendant exhibited a bias against older employees in favor of younger employees through their use of disciplinary actions.

28. On March 5, 2021, Defendant terminated Mr. Wade due to his age.

29. Plaintiff's age was a motivating factor in Defendant's decision to terminate him.

30. Defendants' decision to terminate Plaintiff was, and is, unlawful and in violation of the Age Discrimination in Employment Act.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant him relief as follows:

a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Age Discrimination in Employment Act.

b. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Age Discrimination in Employment Act.

c. Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d. Grant Plaintiff an award of back pay and fringe benefits (plus interest), compensatory damages, and liquidated damages.

e. Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT TWO
## RETALIATION CLAIM

31. At the time of his termination, Mr. Wade was 60 years old.

32. Defendant disciplined Plaintiff after he reported violations made by younger employees.

33. On March 5, 2021, Defendant terminated Mr. Wade due to his age.

34.     Defendant's articulated legitimate, non-discriminatory reasons for Plaintiff's termination are not the real reason but are a pretext.

35.     Defendants' decision to terminate Plaintiff was, and is, unlawful and in violation of the Age Discrimination in Employment Act.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant him relief as follows:

f.      Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Age Discrimination in Employment Act.

g.      Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Age Discrimination in Employment Act.

h.      Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

i.      Grant Plaintiff an award of back pay and fringe benefits (plus interest), compensatory damages, and liquidated damages.

j.      Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

        Respectfully submitted,

        */s/ Ashley Rose Rhea*
        Ashley Rose Rhea
        Bar Number: asb-8736-H81O
        Attorney for Plaintiff
        RHEA LAW LLC
        104 23rd Street S., Suite 100
        Birmingham, AL 35233
        Telephone: (205) 675-0476
        Fax: (205) 386-4383
        Email: arhea@rhealawllc.com