FILED

2022 Jun-24  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM MATTHEW WADE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:22-cv-00092-RDP** |
| } | |
| **ALABAMA ALCOHOLIC BEVERAGE** } | |
| **CONTROL BOARD,** } | |
| } | |
| **Defendant.** | |

### <u>ORDER TO SHOW CAUSE</u>

This case is before the court on Defendant Alabama Alcoholic Beverage Control Board's Motion to Dismiss on the ground that Plaintiff's claims are untimely. (Doc. # 10). Essentially, Defendant argues that while Plaintiff's initial complaint was timely filed within 90 days after she received her "Notice of Rights to Sue" letter, Plaintiff did not sue Defendant until after the 90-day period had expired and, thus, his claims are time-barred. (Doc. # 10 at 1-2).

In response, Plaintiff argues that his failure to initially include the Alabama ABC Board as a defendant does not warrant dismissal because his allegations sufficiently stated a claim against the ABC Board. (Doc. # 11). As Plaintiff has correctly pointed out, the Eleventh Circuit has indicated that a *pro se* complaint "may state a claim against individuals or entities who are identified in the body of it and whose wrongful conduct is alleged there, even if they are not named in the caption." *Rizk v. Seminole Cnty. Sheriffs Dep't*, No. 19-12542, 2021 WL 3720056 (11th Cir. Aug. 23, 2021) (citing *Wilger v. Dep't of Pensions & Sec. for Ala.*, 593 F.2d 12, 13 (5th Cir. 1979)). This proposition, standing alone, does address Plaintiff's alleged failure to timely sue Defendant.

The proper question is whether Rule 15(c) of the Federal Rules of Civil Procedure permits the amended complaint to "relate back" to the initial complaint such that Plaintiff's claims are not time-barred. Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. "[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008) (citing *Davenport v. United States*, 217 F.3d 1341, 1345 n.8 (11th Cir. 2000) (citation omitted)).

Here, Plaintiff initially filed suit against ten employees of Defendant, including its Chief Officer and Director of Human Resources, and specifically identified Defendant as his previous employer. (Doc. # 1). Plaintiff, however, failed to timely serve any of those defendants. Therefore, the court hereby **DIRECTS** Plaintiff to **SHOW CAUSE** in writing **on or before July 5, 2022** why this action should not be dismissed against Defendant, particularly in light of the lack of evidence showing that Defendant had notice of Plaintiff's initial complaint.

**DONE** and **ORDERED** this June 24, 2022.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE