FILED

2022 Jul-12  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM MATTHEW WADE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:22-cv-00092-RDP** |
| | } | |
| **ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD**, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant Alabama Alcoholic Beverage Control Board's Motion to Dismiss. (Doc. # 10). While Plaintiff filed an initial response (Doc. # 12), he did not respond to the court's June 24, 2022 Show Cause Order (Doc. # 14). After careful consideration, the court concludes that Defendant's Motion to Dismiss (Doc. # 10) is due to be granted.

## I.      Background

Plaintiff William Matthew Wade has alleged that he was unlawfully terminated from his employment with the Alabama Alcoholic Beverage Control Board ("Alabama ABC Board") due to his age and gender on March 5, 2021. (Doc. # 4 ¶ 25). Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2021. (Doc. # 12 at 1). The EEOC issued its "Dismissal and Notice of Rights" letter on October 26, 2021. (Docs. # 12 at 2; # 12-1 at 19-20). Exactly 90 days later, on January 24, 2022, Plaintiff filed his *pro se* complaint with this court. (Doc. # 1).

In his complaint, Plaintiff sued 10 individuals employed by the Alabama ABC Board. (*Id.*). Individual defendants included the Chief Officer, a Director, two Assistant Directors, and the

Director of Human Resources. (*Id.*). Plaintiff also identified the Alabama ABC Board as his previous employer. (*Id.*at 7). On May 18, 2022, Plaintiff filed an amended complaint (with the assistance of counsel), alleging only that the Alabama ABC Board unlawfully terminated him based on his age in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. # 4). On May 26, 2022, the court granted Plaintiff's motion to voluntarily dismiss nine individual defendants.[1] (Doc. # 7). Notably, Plaintiff never served any of the individual defendants. On June 15, 2022, the Alabama ABC Board moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 10).

On June 24, 2022, this court ordered Plaintiff to show cause on or by July 5, 2022 why this action should not be dismissed against the Alabama ABC Board, particularly in light of the lack of evidence showing that the Board had notice of his initial complaint. (Doc. # 14). The July 5, 2022 deadline has come and passed, and as of the date of entry of this Order, Plaintiff has not filed his response or requested an extension of time.

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6)

---

[1] Plaintiff did not include Defendant Neil Graff, Chief Officer of the Alabama ABC Board, in his list of those defendants whom he voluntarily dismissed. However, the Amended Complaint -- the operative pleading -- does not state a claim against Defendant Graff. (Doc. # 4). Accordingly, any remaining claims against Defendant Graff are due to be dismissed.

motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the "complaint must demonstrate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

III.   **Analysis**

The Alabama ABC Board argues that Plaintiff's Amended Complaint is time-barred. (Doc. # 10 at 1-2). Essentially, the Board contends that while Plaintiff's initial complaint itself was timely

filed within 90 days after he received her "Notice of Rights to Sue" letter, Plaintiff did not sue the Board until well after the 90-day period had expired. (*Id.*).

Filing an action within 90 days of receipt of a Notice of Right to Sue letter from the EEOC is a condition precedent to bringing an action under the ADEA, and Plaintiffs have the burden of showing that they have met this requirement. *Green v. Union Foundry Co.*, 281 F.3d 1229 (11th Cir.); 29 U.S.C.A § 626(e) ("A civil action may be brought . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice."). The Eleventh Circuit has determined that the 90-day limitations period is to be analyzed "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case . . ." *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999) (citation omitted). However, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). *Cobb v. Metro. Miami-Dade Cnty.*, No. 1:14-CV-21757, 2015 WL 4064641, at *1 (S.D. Fla. Apr. 1, 2015) ("The Court finds unavailing Plaintiff's unsupported claim that her filing of this action against the wrong entity somehow tolls the 90 day time period within which she was required to file suit against Defendant.").

In response, Plaintiff argues that his failure to initially include the Alabama ABC Board as a defendant does not warrant dismissal because his allegations sufficiently stated a claim against the Board. (Doc. # 11). As Plaintiff has correctly noted, the Eleventh Circuit has indicated that a *pro se* complaint "may state a claim against individuals or entities who are identified in the body of it and whose wrongful conduct is alleged there, even if they are not named in the caption." *Rizk v. Seminole Cnty. Sheriffs Dep't*, No. 19-12542, 2021 WL 3720056 (11th Cir. Aug. 23, 2021) (citing *Wilger v. Dep't of Pensions & Sec. for Ala.*, 593 F.2d 12, 13 (5th Cir. 1979)). This

proposition, standing alone, does not address Plaintiff's alleged failure to timely sue the Alabama ABC Board.

The proper question here is whether Rule 15(c) permits the amended complaint to "relate back" to the initial complaint such that Plaintiff's claims are not time-barred. Pursuant to Rule 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c). "[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008) (citing *Davenport v. United States*, 217 F.3d 1341, 1345 n.8 (11th Cir. 2000) (citation omitted)).

Here, while Plaintiff initially filed suit against 10 employees of the Alabama ABC Board, he failed to timely serve any of those defendants. (Doc. # 1). Absent such service, there is no indication that the employees knew about the lawsuit such that they could have notified their employer. The court is cognizant of the fact that the Alabama ABC Board defended against Plaintiff's Charge of Discrimination at the EEOC stage and, thus, may have understood the possibility that a lawsuit may later be filed. However, Plaintiff has not produced any evidence that the Alabama ABC Board was aware of the actual filing or existence of the initial judicial complaint. Because the Alabama ABC Board was served with the Amended Complaint more than 200 days after Plaintiff's receipt of a Notice of Right to Sue letter, the court cannot say here that the Board has suffered no prejudice. Nor can it be said that the Board will not continue to suffer prejudice given the amount of time that elapsed. Thus, under Rule 15(c), the Amended Complaint

does not relate back to the filing of the initial complaint and Plaintiff's claims against the Alabama

ABC Board are time-barred.[2]

## IV.   Conclusion

For the reasons discussed above, the court concludes that Defendant Alabama ABC

Board's Motion to Dismiss (Doc. # 10) is due to be granted and this action is due to be dismissed

without prejudice for failure to state a timely claim and for want of prosecution.

**DONE** and **ORDERED** this July 12, 2022.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] Even if Plaintiff's claims were not time-barred (which they are), Plaintiff's action is due to be dismissed because of his failure to obey the court's June 24, 2022 Show Cause Order. *See State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (noting that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."); Fed. R. Civ. P. 41(b-c).